**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | | |
|---|---|---|---|
| In Re: | ) | Case No: | 21-01817 |
| Zbigniew Bednarz | ) | | |
| | ) | Chapter: | Chapter 13 |
| Debtor | ) | | |
| | ) | Judge: | David D. Cleary |

**NOTICE OF MOTION**

TO**:** See attached list

PLEASE TAKE NOTICE that on February 13, 2023 at 2 PM, I will appear before the Honorable David D. Cleary, or any judge sitting in that judge's place, **either** in Courtroom 644 of the Everett McKinley Dirksen United States Courthouse, 219 S. Dearborn St., Chicago, IL 60604, **or** electronically as described below, and present the motion of Zbigniew Bednarz to modify his Chapter 13 Plan, a copy of which is attached.

**All parties in interest, including the movant, may appear for the presentment of the motion either in person or electronically using Zoom for Government.**

You may appear electronically be video or by telephone.

**To appear by video**, use this link: https://www.zoomgov.com/. Then enter the meeting ID and passcode.

**To appear by telephone**, call Zoom for Government at 1-669-254-5252 or 1-646-828-7666. Then enter the meeting ID and passcode.

**Meeting ID and passcode**. The meeting ID for this hearing is 161 122 6457 and the passcode is Cleary644. The meeting ID and passcode can also be found on the judge's page on the court's website.

**If you object to this motion** and want it called on the presentment date above, you must file a Notice of Objection no later than two (2) business days before that date. If a Notice of Objection is timely filed, the motion will be called on the presentment date. If no Notice of Objection is timely filed, the court may grant the motion in advance without calling it.

By: */s/ Dale Allen Riley*
     Dale Allen Riley
     Geraci Law L.L.C.
     55 E. Monroe Street #3400
     Chicago, Illinois 60603
     312.332.1800
     ndil@geracilaw.com

Rec No. 853716
WD - NOTICE OF MOTION HYBRID

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| **In Re:** | ) | **Case No:** 21-01817 |
| **Zbigniew Bednarz** | ) | |
| | ) | **Chapter:** Chapter 13 |
| **Debtor** | ) | |
| | ) | **Judge:** David D. Cleary |

## CERTIFICATE OF SERVICE

I, Dale Allen Riley, hereby certify that I served a copy of this notice and the attached motion on each entity shown on the attached list at the address shown and by the method indicated on the list by causing the same to be mailed in a properly addressed envelope, postage prepaid, from 55 E. Monroe, Suite 3400, Chicago, Illinois, on January 23, 2023 at 11:49 AM**.**

# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | | | |
|---|---|---|---|
| In Re: | ) | Case No: | 21-01817 |
| Zbigniew Bednarz | ) | | |
| | ) | Chapter: | Chapter 13 |
| Debtor | ) | | |
| | ) | Judge: | David D. Cleary |

## LIST OF PARTIES SERVED

Marilyn O. Marshall, 224 S. Michigan Ave. #800 , Chicago, IL 60604

Office of the U.S. Trustee, 219 S. Dearborn, Suite 873, Chicago, Illinois 60604

Zbigniew  Bednarz, 2519 S Cedar Glen Dr , Arlington Heights, IL 60005

See attached list

Rec No. 853716
WD - NOTICE OF MOTION HYBRID

Zbigniew Bednarz
2519 S Cedar Glen Dr
Arlington Heights, IL 60005

Capital One Bank Usa N
Attn: Bankruptcy Dept.
PO BOX 31293
SALT LAKE CITY UT 84131

Chrysler Capital
Attn: Bankruptcy Dept.
PO BOX 961275
FORT WORTH TX 76161

Credit Collection Svcs
Attn: Bankruptcy Dept.
PO BOX 9134
NEEDHAM MA 02494

Discover Fin Svcs Llc
Attn: Bankruptcy Dept.
PO BOX 15316
WILMINGTON DE 19850

Enhanced Recovery Co L
Attn: Bankruptcy Dept.
8014 BAYBERRY RD
JACKSONVILLE FL 32256

Flagstar Bank
Attn: Bankruptcy Dept.
5151 CORPORATE DR
TROY MI 48098

Merrick Bank Corp
Attn: Bankruptcy Dept.
PO BOX 9201
OLD BETHPAGE NY 11804

Midland Credit Management
Bankruptcy Department
2365 Northside Dr
Suite 300
San Diego CA 92108

Clerk, Third Mun Div
21M3000128
2121 Euclid Ave #121
Rolling Meadows IL 60008

Kohn Law Firm S.C.
21M3000128
735 N. Water Street, Suite 1300
Milwaukee WI 53202

Syncb/Lenscrafters
Attn: Bankruptcy Dept.
C/O PO BOX 965036
ORLANDO FL 32896

Syncb/Ntwk
Attn: Bankruptcy Dept.
PO BOX 965036
ORLANDO FL 32896

The Bureaus Inc
Attn: Bankruptcy Dept.
650 DUNDEE RD STE 370
NORTHBROOK IL 60062

### IN THE UNITED STATES BANKRUPTCY COURT
### FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | | | |
|---|---|---|---|
| In Re: | ) | Case No: | 21-01817 |
|    Zbigniew Bednarz | ) | | |
|       Debtor | ) | Chapter: | Chapter 13 |
| | ) | | |
| | ) | Judge: | David D. Cleary |

### MOTION TO MODIFY CONFIRMED PLAN

NOW COMES the Debtor, Mr. Zbigniew Bednarz (the "Debtor"), by and through his attorneys, Geraci Law L.L.C., to present his **MOTION TO MODIFY CONFIRMED PLAN,** and states as follows:

1. This Court has jurisdiction over this proceeding pursuant to 28 U.S.C. 1334 and this is a "core proceeding" under 28 U.S.C. 157(b)(2).

2. The Debtor filed his Petition for Relief and plan under Chapter 13 of the U.S. Bankruptcy Act on 02/11/2021.

3. The Debtor's plan was confirmed by the Court on 6/7/2021 with 3 monthly payments of $200, 19 monthly payments of $370 and then 38 monthly payments of $668.

4. The initial increase in plan payments was to accommodate $18,286.24 in pre-petition mortgage arrears and the requirements for a feasible plan within the maximum available term, the second increase was for the completion of the Debtor's directly-paid vehicle payments and the related increase in household disposable income.

5. Independently of those factors the Debtor's plan also required a disbursement of not less than $9,564.79 to allowed unsecured creditors pursuant to the "best interests" test of 11 U.S.C. 1325(a)(4).

6. After the plan was confirmed the Debtor fell behind on his post-petition mortgage payments, resulting in stay relief and his plan no longer needing as high a monthly plan payment to remain feasible within the maximum plan term. Indeed, the Debtor's plan now projects to pay a significantly higher dividend than is needed under the "best interests" test.

7. The Debtor previously brought a motion to modify before this Court related to this issue that was denied, based primarily on the Debtor's inability to provide documentation of his household expenses claimed on updated schedules, along with the Chapter 13 Trustee's objection to his request to shorten the plan term.

8. The Debtor has recently provided his attorneys with an updated budget and documentation of several household budget items in support of a new motion to modify his Chapter 13 Plan.

9. These budget proofs, combined with the fact that the Debtor's household income is in part attributable to funds from the Social Security Administration (which is not disposable income under the definition provided in 11 U.S.C. 101(10A)), support a lower Chapter 13 Plan payment. See attached Exhibit A.

10. The Debtor respectfully requests that his monthly plan payment be reduced to $230 per month both to allow for these higher household expenses and to account for the fact that approximately 28% of the household monthly receipts are not "disposable income" for bankruptcy purposes.

11. The Chapter 13 Trustee has filed a motion to dismiss the Debtor's plan for nonpayment, pending before this Court. The Debtor fell behind on regular monthly plan payments primarily due to individual missing monthly payments in April, June and December of 2022, resulting from budgeting difficulties related to the Debtor's spouse's own debts.

12. The Debtor's Chapter 13 Plan currently has no room to defer the pending default as the plan term is set at 60 months based on the confirmed plan, but under 11 U.S.C. 1322(d)(2)(C) the Debtor, as an under median individual, should only be in a plan that lasts longer than 36 months "for cause".

13. At the time of confirmation the relevant cause was to cure the pending pre-petition mortgage arrears but, since stay relief has been granted, that cause no longer exists.

14. Were the Debtor's Chapter 13 Plan modified to shorten the minimum plan term to 36 months the requirements of 11 U.S.C. 1325(a)(4) would still require that his plan last a sufficient number of months to pay the minimum liquidation requirement to allowed unsecured creditors.

15. The Debtor and his spouse have respectfully requested that the monthly payment be lowered to $230 per month, which would allow the minimum amount necessary to meet the "best interests" test to be paid if the default were also deferred and the minimum plan term set to 36 months rather than 60.

WHEREFORE THE DEBTOR, Mr. Zbigniew Bednarz, respectfully requests this Honorable Court enter an order:

1. Lowering ongoing monthly plan payments to $230,

2. Reducing the minimum plan term to 36 months,

3. Deferring arrears to the end of the plan term, and

4. For any other relief the court deems proper.


**By:**     */s/ Dale Allen Riley*
           Dale Allen Riley

**Attorneys for the Debtor**
Geraci Law L.L.C.
55 E. Monroe Street #3400
Chicago, Illinois 60603
(Ph):   312.332.1800  (Fax):   877.247.1960